IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antoine A. Clark, #308220, | ) | C/A No. 5:12-1125-TLW-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Philip Futrick a/k/a Phillip Futrick, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Turbeville Correctional Institution ("TCI"). He brings this action against a law enforcement officer alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff's July 29, 2011 complaint states he was incarcerated at the Orangeburg County Detention Center ("OCDC"). [Entry #1 at 2, 5]. He alleges that he was falsely charged in Eutawville (located in Orangeburg County), South Carolina, with an unspecified drug crime on July 29, 2011. *Id.* at 3. Plaintiff claims that he was falsely accused because he was not at the residence when the drugs were found nor is his name on the property. *Id.* Plaintiff seeks money damages based on the alleged false accusations. *Id.* at 5.

Although Plaintiff listed OCDC as his place of present confinement, it appears he is actually currently incarcerated at TCI, which is the address he listed and from where he mailed the complaint on April 25, 2012. [Entry #1-1 at 1]. This court takes judicial notice that Plaintiff was admitted on January 13, 2012 to the South Carolina Department of Corrections ("SCDC") for a criminal offense of possession of illegal drugs. *See* SCDC website, https://sword.doc.state.sc.us/scdc-public/ (enter SCDC ID number "308220") (last visited July 5, 2012); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"). Moreover, this court takes judicial notice of certain Orangeburg County on-line court records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The Orangeburg County on-line court records indicate that Plaintiff pled guilty to four separate offenses related to charges filed on August 23, 2011, with Officer Phillip Furtick listed on each case. *See* Orangeburg Cnty 1st Circuit Public Index, http://www.orangeburgcounty.org/scjdweb/publicindex/PISearch.aspx?CourtType=G ("Search Public Index" using Plaintiff's name, then follow cases M805738, M805739, M805740, and M805741) (last visited July 5, 2012). Plaintiff pled guilty to the following offenses: M805739, first offense, manufacture, distribution of cocaine base on January 12, 2012; M805741, first offense, possession of controlled substance on January 12, 2012; M805738, first offense, manufacture, possession of controlled substance with intent to

distribute on January 25, 2012; and M805740, first offense, "MDP" narcotic drug on May 2, 2012. *Id.* The arrest date for all four cases was August 18, 2011. *Id.*

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

3

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

This complaint is construed as filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). By alleging that he is falsely accused with respect to illegal drugs, Plaintiff may be claiming false arrest, false imprisonment, and malicious prosecution in violation of the Fourth Amendment by the defendant, a person who allegedly acted under color of state law. *See Wallace v. Kato*, 549 U.S. 384, 389–90 n.2 (2007).

However, Plaintiff fails to state a claim on which relief may be granted pursuant to § 1983 in light of his 2012 drug-related convictions for which he is currently incarcerated. Although Plaintiff did not mention the convictions in the complaint, they are matters of public record, and there is no indication that they have been invalidated. Thus, Plaintiff's §

1983 action seeking damages is premature. Such a cause of action does not accrue until and unless the convictions are invalidated, such as by a state or federal court's issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenge:.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641, 648 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). The *Heck* Court further stated:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487; *see also Bishop v. Cnty. of Macon*, No. 11-2021, 2012 WL 2366162, at *1 (4th Cir. June 22, 2012). This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 266 (4th Cir. 2008).

Here, a favorable determination on the merits of Plaintiff's claims in this § 1983 action would necessarily imply that his four drug-related 2012 convictions in Orangeburg

5

County are invalid. The only reasonable inference from the facts is that Plaintiff's allegation that he is falsely accused of drugs possession by Phillip Futrick based on a July 29, 2011 incident in Eutawville is the same incident that gave rise to the drug-related criminal offenses for which he was arrested on August 18, 2011, and to which he thereafter pled guilty. Because Plaintiff has not alleged that he has successfully challenged the lawfulness of his 2012 convictions in Orangeburg County, his § 1983 claims should be dismissed because a right of action has not accrued.[1]

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

    IT IS SO RECOMMENDED.

*[signature]*

July 6, 2012                                                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).